IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>KARLA LEA FLAHERTY,<br><br>    Defendant. | No. CR 03-2058-LRR<br>No. C 04-2083-LRR<br><br>**ORDER** |

The matter before the court is Defendant's 28 U.S.C. § 2255 motion to vacate or correct her sentence (docket no. 20). Defendant bases her 28 U.S.C. § 2255 motion on two grounds: (1) her sentence violates the Supreme Court's decision in *United States v. Booker*, ___ U.S. ___, 125 S.Ct. 738 (2005); and (2) she received ineffective assistance of counsel because her attorney failed to predict *Booker*[1] at the time she was sentenced.

The court finds both arguments to be without merit. First, the Eighth Circuit Court of Appeals has determined "the 'new rule' announced in *Booker* does not apply to criminal

---

[1] Although Defendant lists *Booker* as legal authority in support of her 28 U.S.C. § 2255 motion, Defendant actually contends she received ineffective assistance of counsel because her attorney failed to raise a claim pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000). In *Apprendi*, the Supreme Court held that, with the exception of prior convictions, any fact that increases the penalty for a crime beyond the maximum statutory penalty must be submitted to a jury and proven beyond a reasonable doubt. *Id.* at 490. The sentencing enhancement the court imposed for the amount of loss arising from Defendant's bank fraud did not cause her sentence to rise above the maximum statutory penalty. Thus, because the facts do not support an *Apprendi* claim and because Defendant cites *Booker* in support of her motion, the court believes Defendant intended her motion to make a claim under *Booker*.

convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings." *Never Misses A Shot v. United States*, ___ F.3d ___, 2005 WL 1569403, at *1 (8th Cir. July 7, 2005). Second, the court finds Defendant did not receive ineffective assistance of counsel due to her attorney's failure to predict the Supreme Court's ruling in *Booker*. *See Brown v. United States*, 311 F.3d 875, 878 (8th Cir. 2002) (ruling trial and appellate counsel's failure to raise a novel issue does not constitute deficient performance); *Wajda v. United States*, 64 F.3d 385, 388 (8th Cir. 1995) ("[C]ounsel's performance is not deficient by failing to predict future developments in the law."). Counsel could not have predicted *Booker* would be the law when Defendant commenced her post-conviction relief proceedings. Therefore, the court denies Defendant's 28 U.S.C. § 2255 motion.

A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may only issue if a defendant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Garrett v. U.S.*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)). Moreover, "'where a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: the [defendant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The court does not need a brief from Defendant to decide this issue. For the reasons

stated herein, Defendant fails to meet the standards set forth for the issuance of a certificate of appealability. Having thoroughly reviewed the record in this case, the court finds Defendant failed to make the requisite "substantial showing" with respect to all of the claims she raised in his 28 U.S.C. § 2255 motion. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because she did not present questions of substance for appellate review, the court declines to issue a certificate of appealability to Defendant.

If Defendant desires further review of her 28 U.S.C. § 2255 motion, she may request issuance of the certificate of appealability by a circuit judge of the United States Court of Appeals for the Eighth Circuit in accordance with *Tiedeman*, 122 F.3d at 520-22.

For the foregoing reasons, **IT IS HEREBY ORDERED** Defendant's 28 U.S.C. § 2255 motion (docket no. 20) is **DENIED**.

**SO ORDERED.**

**DATED** this 28th day of July, 2005.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA